**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No._____

CARLOS MONTOYA
and other similarly situated employees
non-exempt cook,

    Plaintiff(s),

vs.

BENMOUSSA ENTERPRISES, INC.
*d/b/a* PICCOLO PIZZA,
a Florida profit corporation,
and HUBERT R. MUSSAT, Individually.

    Defendants.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, CARLOS MONTOYA ("Plaintiff"), on behalf of himself and other current and former similarly situated non-exempt cook, by and through undersigned counsel, hereby files this Complaint against BENMOUSSA ENTERPRISES, INC. *d/b/a* PICCOLO PIZZA, a Florida profit corporation and HUBERT R. MUSSAT, Individually (Collectively "Defendants") and states as follows:

## JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated non-exempt cook for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid overtime and/or minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, BENMOUSSA ENTERPRISES, INC. *d/b/a* PICCOLO PIZZA having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, HUBERT R. MUSSAT, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, BENMOUSSA ENTERPRISES, INC. d/b/a PICCOLO PIZZA.

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff CARLOS MONTOYA was employed by Defendant from approximately March 23, 2015 through September 29, 2016, as a non-exempt cook.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period referenced above, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

12. Plaintiff claims there are other similarly situated current and former employees working, or previously working, for Defendants/Defendant.

13. Plaintiff and other similarly-situated current and former employees performed similarly duties for Defendants/Defendant and were subject to similar policies as to compensation.

14. Plaintiff and other similarly-situated current and former employees of Defendants/Defendant would benefit from joining this collective action alleged herein.

15. During the relevant time period Plaintiff CARLOS MONTOYA performed approximately twenty-five (25) hours of overtime each week for which Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay.

16. During the relevant time period Plaintiff was paid twelve dollars ($12.00) for hours worked every week.

17. At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

18. Therefore, Plaintiff CARLOS MONTOYA's overtime rate is $18.00 [$12.00 (hourly rate) (x) 1.5=$18.00]. Plaintiff seeks this rate for each of Plaintiff's approximate twenty-five (25) hours of overtime weekly.

19. As such, Plaintiff is owed approximately $35,550.00 [$18.00 (overtime rate) (x) 25 (hours of overtime) (x) 79 weeks in unliquidated overtime wages).

20. Therefore, from on or about **March 23, 2015 through September 29, 2016**, Plaintiff is owed approximately $35,550.00 in unpaid unliquidated overtime wages, plus an additional equal amount as liquidated damages, totaling $71,100.00.

### COUNT I
### *Wage & Hour Federal Statutory Violation Against*
### *BENMOUSSA ENTERPRISES, INC. d/b/a PICCOLO PIZZA*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. This action is brought by Plaintiff and other similarly-situated employees to recover from Defendant unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

23. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

24. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

25. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

26. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

27. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

28. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

29. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

30. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime and/or minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

31. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and/or minimum wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and/or minimum wages compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiff is requesting punitive damages;

G. Grant Plaintiff a Trial by Jury.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against*
### *HUBERT R. MUSSAT*
### *(Non-Payment of Wages)*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20, of this Complaint as if set out in full herein.

33. At the times mentioned, Defendant MUSSAT was, and is now, a corporate officer of corporate Defendant BENMOUSSA ENTERPRISES, INC. d/b/a PICCOLO PIZZA.

34. Defendant MUSSAT was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant MUSSAT acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

35. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

36. Based on this broad definition, Defendant MUSSAT, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

37. Defendant MUSSAT willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant MUSSAT:

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)
[2] *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)

A. Adjudge and decree that Defendant **MUSSAT** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant **MUSSAT** is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   11-29-16

Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, Carlos A. Montoya, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, Piccolo pizza and more, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: Carlos A. Montoya          Date: Oct 20, 2016

Print Name: Carlos A. Montoya

## RETURN OF SERVICE

| State of FLORIDA | County of MIAMI DADE | Circuit Court |

Case Number: 2016-030647-CA-01

Plaintiff:
**CARLOS MONTOYA**

vs.

Defendant:
**BENMOUSSA ENTERPRISES, INC. D/B/A PICCOLO PIZZA, ET. AL.**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 12th day of December, 2016 at 8:32 am to be served on **BENMOUSSA ENTERPRISES, INC. D/B/A PICCOLO PIZZA, 2104 NE 123 STREET, NORTH MIAMI, FL 33181.**

I, HERBERT SCHWARTZ, do hereby affirm that on the **12th day of December, 2016 at 10:20 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **COREY KOPKA** as **EMPLOYEE/AUTHORIZED AGENT** for **BENMOUSSA ENTERPRISES, INC. D/B/A PICCOLO PIZZA**, at the address of: **2104 NE 123 STREET, NORTH MIAMI, FL 33181**, and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

HERBERT SCHWARTZ
CPS#738

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016017471

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n





$10

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No. 2016 - 030647 -CA -01

CARLOS MONTOYA
and other similarly situated employees
non-exempt cook,

 Plaintiff(s),

vs.

BENMOUSSA ENTERPRISES, INC.
d/b/a PICCOLO PIZZA,
a Florida profit corporation,
and HUBERT R. MUSSAT, Individually.

 Defendants.

COREY KOPKA / OMP.
12/12/16
RT #738
10:20AM.

**SUMMONS IN A CIVIL CASE**

TO: BENMOUSSA ENTERPRISES, INC.
d/b/a PICCOLO PIZZA,
through its Registered Agent: HUBERT MUSSAT
2104 NE 123 Street
North Miami, FL 33181

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK
(BY) DEPUTY CLERK

DATE
DEC 08 2016

OJF SERVICES, INC
954 929 4215
WWW.OJFSERVICES.COM

17471